**Rosalie BUNNELL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 01–36023.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Filed July 28, 2003.

---

\* Jo Anne B. Barnhart succeeded William S. Halter as Commissioner of Social Security on November 9, 2001. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), her name is substituted as appellee in this suit.

David B. Lowry, Portland, OR, for the plaintiff-appellant.

Daphne Banay, Assistant Regional Counsel, Social Security Administration, Seattle, WA, for the defendant-appellee.

Before: LAY,** WALLACE, and TALLMAN, Circuit Judges.

LAY, Circuit Judge.

This is a Social Security case. Rosalie Bunnell appeals from the district court, which remanded the case for a further administrative hearing. She brings two issues on appeal: (1) whether the district court erred in its finding that Administrative Law Judge Bennett S. Engelman need not recuse himself due to bias and the "appearance of impropriety," and (2) whether the district court abused its discretion in remanding the case for further proceedings rather than issuing her an award of benefits.

### Background

Ms. Bunnell originally filed an application for disability benefits in 1989. That application was denied both upon initial review and upon reconsideration and is not subject to review here. On September 22, 1993, Ms. Bunnell filed a second application for disability benefits, which alleged disability since December 7, 1991.

Administrative Law Judge Engelman held a hearing on December 16, 1996, at which four witnesses testified: Ms. Bunnell, her husband, and her two sisters. The administrative law judge issued a decision on January 10, 1997, finding that Ms. Bunnell was not disabled and was not entitled to disability insurance because she could perform her past relevant work as a mail sorter. The Appeals Council denied Ms. Bunnell's request for review.

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Upon appeal to the United States District Court, the court remanded the case for further administrative proceedings. On remand, the administrative law judge was the same judge who decided the first case, Bennett S. Engelman. These hearings involved the testimony of two medical experts. The administrative law judge issued a decision on March 3, 2000, once again finding that Ms. Bunnell was not disabled because she was able to perform her past relevant work as a mail sorter. This was the final administrative decision.

Ms. Bunnell again sought judicial review of the administrative law judge's decision in United States District Court. During this proceeding, the Commissioner of the Social Security Administration recognized that the administrative law judge did not properly consider all of the relevant evidence relating to the severity of Ms. Bunnell's impairments and her subjective complaints. The Commissioner also recognized that the administrative law judge did not fully consider the lay witness testimony, which related to Ms. Bunnell's residual functional capacity as well as her ability to perform past relevant work. The Commissioner further requested that the opinions of Ms. Bunnell's treating physician, Dr. Ramsthel, be clarified. The Commissioner moved the district court for an order reversing the final decision with a remand for further proceedings. The district court agreed and again remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g).

 The case comes before this court on appeal brought by Ms. Bunnell from the order of remand. This court has recognized that on review of an order of remand we review for abuse of discretion. *Harman v. Apfel,* 211 F.3d 1172, 1173 (9th Cir.2000). We review the denial of a recusal motion for abuse of discretion. *Kulas v. Flores,* 255 F.3d 780, 783 (9th Cir.2001). We hold there was no abuse of discretion

and affirm the district court's remand for additional proceedings.

## Analysis

 Ms. Bunnell asserts that the administrative law judge erred by not recusing himself because of a showing of bias and an "appearance of impropriety." She claims that the alleged appearance of impropriety arose from a suit brought by her attorney, David B. Lowry, against the Commissioner as well as three administrative law judges, including Bennett S. Engelman. On this basis, she claims that Engelman should have recused himself from the second hearing.

The suit brought by Mr. Lowry against the Commissioner and the administrative law judges was decided May 16, 2003. *Lowry v. Barnhart,* 329 F.3d 1019 (9th Cir.2003). This court dismissed Mr. Lowry's petition, holding no legal basis existed to assert actual bias based on Mr. Lowry's suit. The record contains no other claim relating to actual bias. Alternatively, Ms. Bunnell asserts that Administrative Law Judge Engelman should not have heard the suit on remand under the theory of "appearance of impropriety." Two circuits have held the appearance of impropriety standard is not applicable to administrative law judges. Administrative law judges are employed by the agency whose action they review. As the Second Circuit has specifically recognized, if the "appearance of impropriety" standard of 28 U.S.C. § 455(a) was applicable to administrative law judges, they would be forced to recuse themselves in every case. *See Greenberg v. Bd. of Governors of Fed. Reserve Sys.,* 968 F.2d 164, 166–67 (2d Cir.1992); *see also Harline v. Drug Enforcement Admin.,* 148 F.3d 1199, 1204 (10th Cir.1998). We agree and now join those circuits so holding.

Under 28 U.S.C. § 451, the recusal based upon the appearance of impropriety applies only to Supreme Court Justices, magistrate judges, and "judges of the courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior...." *Id.* Administrative law judges do not fall within this statute.

Our holding finds further support in the federal regulation concerning the recusal of an administrative law judge. 20 C.F.R. § 404.940. The regulation provides that an administrative law judge "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." This regulation mentions only actual prejudice; nothing in this regulation mandates recusal for the mere appearance of impropriety. On this basis, this court holds that actual bias must be shown to disqualify an administrative law judge. Ms. Bunnell failed to show any actual bias of the administrative law judge.

■ Alternatively, Ms. Bunnell urges the application of the Manual on the Social Security Administration Hearings, Appeals and Litigation Law (HALLEX) section I–2–160, which states that an administrative law judge must recuse himself if he believes his "participation in the case would give an appearance of impropriety." However, this court has previously concluded that HALLEX "has no legal force and is not binding." *Moore v. Apfel,* 216 F.3d 864, 868 (9th Cir.2000). "As such, it does not prescribe substantive rules and therefore does not carry the force and effect of law." *Id.*

The second issue we address is whether or not there has been error by the district court in its order of remand.[1] Ms. Bunnell claims that the evidence is clear that she is entitled to an award of benefits at this time. She stresses that she has been attempting to receive benefits from the time she first filed suit in 1989, followed by her second petition in 1993.

■ This court has applied the test for an order of remand found in *Smolen v. Chater,* 80 F.3d 1273 (9th Cir.1996). In *Smolen,* we held that a court should credit improperly rejected evidence and remand for an award of benefits when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* at 1292 (citation omitted).

■ The parties agree that the first part of the *Smolen* test was satisfied because the administrative law judge failed to provide adequate reasons for rejecting the opinion of the treating physicians. In addition, the Commissioner concedes the administrative law judge did not properly reject Ms. Bunnell's subjective complaints and lay testimony. The parties disagree as to the second part of the *Smolen* test: whether there are any outstanding issues that must be resolved before a determination of disability can be made. Although Ms. Bunnell asserts there are no outstanding issues to be resolved, we must respectfully disagree.

As the Commissioner points out, and as the district court found, outstanding issues must be resolved before a proper determination can be made. The district court found that these outstanding issues in-

1. Notably, the Commissioner agreed to send this case back for further review.

clude: (1) whether Ms. Bunnell's other impairments, in addition to her undifferentiated somatoform disorder, rise to the level of a medically severe impairment or combination of impairments; (2) whether she is disabled under Listing 12.07 for somatoform disorders; (3) whether she was capable of performing sedentary work during the relevant period of time; (4) if she is disabled, the timing and duration of her disability; and (5) whether the administrative law judge must credit her testimony as true. *See Dodrill v. Shalala,* 12 F.3d 915, 917–18 (9th Cir.1993) (remanding in similar circumstances so the administrative law judge may explain why he did not credit the claimant's pain testimony as true). We agree that additional issues need to be resolved. Thus, the second part of the *Smolen* test has not been met in this case. Additionally, with such issues outstanding, it is not clear from the record that an administrative law judge would be required to find the claimant disabled and award disability benefits.[2] As this court explained in *Harman v. Apfel:*

> Of course, *Smolen's* three-part test really constitutes a two part inquiry, wherein the third prong is a subcategory of the second: if the ALJ were not "required to find the claimant disabled" upon crediting the evidence, then this certainly would constitute an "outstanding issue that must be resolved before a determination of disability could be made (brackets omitted)." . ·

*Harman,* 211 F.3d at 1178 n. 7 (quoting *Smolen,* 80 F.3d at 1292).

Furthermore, we notice that no vocational expert has been called upon to consider all of the testimony that is relevant to the case. This court recently wrote that "[i]n cases where the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Id.* at 1180. In addition, the testimony given was not clear as to the duration of Ms. Bunnell's difficulties. To be found disabled, a claimant must be unable to work for twelve consecutive months. The duration of Ms. Bunnell's impairments must, therefore, be clarified.

### Conclusion

Although Ms. Bunnell has petitioned this court for review, we remind her that it is to her advantage to have all relevant lay and medical evidence before the court. The record fails to set forth much of the evidence as outlined by the district court, and these issues must be resolved at the administrative level before a finding of disability can be made and benefits can be awarded.

The district court's order of remand is AFFIRMED.

2. As the district court observed:
　To determine whether to remand for further proceedings or for benefits, the critical time period is December 7, 1991, Bunnell's alleged disability onset date, up to December 31, 1994, the date last insured. Crediting the testimonial evidence and medical opinions as true, the issue is whether Bunnell was capable of performing even sedentary work during this time.
　The witness testimony indicates that Bunnell was limited by pain, was slow, suffered from occasional vomiting and crying spells, and lacked stamina. While significant, this testimony alone does not necessarily preclude Bunnell in 1994 from performing sedentary work. Furthermore, Bunnell may have been able to work despite these limitations, just as she had up to 1989. It is not clear how much worse she had become between 1989 and 1994.
Order of the District Court at 21 (footnote omitted).