Lorri A. COCHRANE, Plaintiff—
Appellant,

v.

Joanne B. BARNHART, Commissioner
of the Social Security Administration,
Defendant—Appellee.

No. 02–35541.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 9, 2003.

Before: HALL, GRABER, and GOULD, Circuit Judges.

**562**

MEMORANDUM *

Lorri Cochrane appeals the district court's decision affirming the Social Security Commissioner's denial of benefits. Cochrane contends that the Administrative Law Judge ("ALJ") erred in rejecting the opinions of Drs. Morris, LeBow, and Jensen, in rejecting Cochrane's testimony, in rejecting the lay witness testimony, and in finding that Cochrane was capable of other work in the national economy. The district court affirmed the ALJ's decision, as adopted by the Commissioner. We review the district court's determination de novo, *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.2002).

Cochrane alleged that a combination of fibromyalgia and depression rendered her disabled. Cochrane relied, in part, on the diagnosis of Dr. Morris, a pain specialist. Dr. Morris found that Cochrane demonstrated objective signs of fibromyalgia; that Cochrane's "symptoms are credible and that her disability is real"; that Cochrane was not employable at the present time; and that at most Cochrane could hope for was "part-time" employment in "limited duty capacities." The ALJ mentioned Dr. Morris' views, but did not reject Dr. Morris' opinions in any express analysis.

■ Because the ALJ did not explicitly reject the medical opinions of Dr. Morris,

an examining physician, by setting forth specific and legitimate reasons, we have no choice but to find legal error. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir.1995); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir.1996). Although the ALJ noted that Cochrane had been seen by Dr. Morris and detailed what Cochrane told Dr. Morris, the ALJ did not make any comments, positive or negative, about the conclusions of Dr. Morris. He neither acknowledged these conclusions, nor did he expressly evaluate them in his otherwise comprehensive opinion. Our examination of the ALJ's decision reveals, in its expressed language, not even a *hint* of any particularized view of Dr. Morris' work. Of course, the ALJ found that Cochrane was capable of some work, not limited to part-time. While this conclusion might be seen as implicitly contradicting Dr. Morris' opinions, we cannot be sure because it does not expressly address them. We therefore recognize that oversight is a real possibility, and we cannot be certain that there was an intended implicit rejection. In any event, an implicit rejection of such views of an examining doctor is not sufficient. *E.g., Nguyen*, 100 F.3d at 1464.[1] Accordingly, we conclude that this case must be returned to the ALJ for further proceedings. *See Ramirez v. Shalala*, 8

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Commissioner argues that the ALJ need not recite magic words when rejecting a medical opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.1989). While a precise form of wording is not required, we have routinely found legal error when, in substance, an ALJ has not provided specific and legitimate reasons for rejecting an opinion. *See Nguyen*, 100 F.3d at 1464 (finding error despite "the ALJ['s] ma[king] a number of

comments in his report that might appear to be a basis for questioning Dr. Brown's conclusion" and, thus, "even if we were to read these observations in that manner, they would not constitute 'specific, legitimate reasons' for rejecting Dr. Brown's opinion"). Stated another way, an ALJ need not recite "here are my specific, legitimate reasons" in those terms, but an informed medical view cannot be rejected by mere implication. Reasons must be given. In this case, the medical opinions of Dr. Morris were not even recited by the ALJ, and no express reasons for rejecting them were given.

F.3d 1449, 1452 (9th Cir.1993).[2]

■ The Commissioner also argued on this appeal that Dr. Morris' conclusions were internally inconsistent and contradicted by the record. This view was taken by the district court when it affirmed the ALJ's determination. It was error for the district court to credit this argument as a ground to reject Dr. Morris' conclusions. A court reviewing the denial of Social Security benefits may examine only the reasons and explanations offered by the ALJ (and the Commissioner); if those reasons are found wanting, a reviewing court may not search the record for reasons that support the Commissioner's determination, if those reasons were not given by the decision-maker in the administrative proceedings. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003) ("We are constrained to review the reasons the ALJ asserts. It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss.") (citations omitted). *See also SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir.2001); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir.1991). These reasons to reject Dr. Morris' opinions, first expressed in the district court, and now urged on appeal, are not properly considered, because the ALJ did not express them contemporaneously as grounds for his decision.

We comment briefly on Cochrane's other grounds asserted on appeal, namely that the ALJ erred by rejecting testimony of Drs. LeBow and Jensen, by rejecting Cochrane's testimony, by rejecting the lay witness testimony, and by finding that Cochrane was capable of other work in the national economy. Although the record before us suggests that these determinations are supported by substantial evidence, we decline at this stage to affirm them based upon an incomplete record. So far as we can discern, these determinations may have been reached without the ALJ's considering the opinions of Dr. Morris. The ALJ's determinations in these respects may not have taken into account all relevant evidence, because they may not have taken into account Dr. Morris' views.

We vacate the district court's opinion and remand to the district court with instructions that it remand to the Commissioner for further proceedings before an ALJ consistent with our disposition. The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**

---

2. We decline Appellant's request that we direct an immediate award of benefits on remand, for in our view the considerations set forth in our case law do not require us at this stage to direct such an award and, instead, favor the likely utility of such further proceedings as may be appropriate before an ALJ. *See*

*Harman v. Apfel*, 211 F.3d 1172, 1178 & n. 7 (9th Cir.2000) (adopting as appropriate the considerations highlighted in *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996)); *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir.2003) (same).