Susan L. BONUCHI, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 01–17418.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 25, 2003.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael R. Arkfeld, US Attorney's Office, Phoenix, AZ, Debra J. Meachum, Esq., Social Security Administration, Denver, CO, for Defendant–Appellee.

Before: THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Susan L. Bonuchi appeals the district court's summary judgment affirming the decision of the administrative law judge (the Appeals Council having denied review) in Bonuchi's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33 (the "Act").

Bonuchi suffers from a combination of depression and musculoskeletal disease. Both parties agree that Bonuchi is disabled under the Act because her condition meets or exceeds the severity of an affective mental disorder in listing 12.04, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing 12.04"). The parties differ only over the onset date of Bonuchi's disability. The administrative law judge ("ALJ") determined that Bonuchi was disabled as of March 1, 1995, while Bonuchi contends that she became disabled on November 12, 1993.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment upholding a denial of benefits. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir.2001). We will uphold the ALJ's decision "if it was supported by substantial evidence in the record and applied the correct legal standards." *Id.*, at 856.

The ultimate cause of Bonuchi's disability was her mental impairment. The ALJ reasonably concluded that the suicide of Bonuchi's husband most likely exacerbated her depression to the required level of disability. He therefore determined that March 1, 1995 was the onset date. That

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

determination is supported by substantial evidence.

Although supported by substantial evidence, the ALJ's decision must also be free from legal error. Bonuchi argues that the ALJ erred by failing to give adequate reasons for rejecting the testimony of Dr. Stephen Nathan, the Commissioner's medical expert, and by failing to follow the guidelines. We disagree.

The ALJ did not reject Dr. Nathan's testimony. Dr. Nathan testified that Bonuchi suffered from severe fibromyalgia and depression, that these impairments met the requirements of Listing 12.04, but that an exact onset date was not discernible from the record. Dr. Nathan did not, as Bonuchi claims, "corroborate" the opinion of Dr. Narvaiz. He simply replied in the negative when asked if he had any reason to disagree with Dr. Narvaiz's estimate of the onset date. In determining from all the available evidence that March 1 was the disability onset date, the ALJ properly followed the applicable guidelines. *See DeLorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir.1991).

Bonuchi also contends that the ALJ improperly rejected Dr. Morse's subjective medical opinion as to Bonuchi's exertional capabilities because the ALJ mischaracterized Dr. Morse's opinion as vocational evidence. "The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." *Lester v. Chater,* 81 F.3d 821, 832–33 (9th Cir.1995).

█ At issue is an October 1994 letter to the state agency, in which Dr. Morse wrote that a job within Bonuchi's exertional capability would be "very hard to find and sustaining such a schdule [sic] could ber [sic] very difficult for her." In reviewing this evidence, the ALJ stated that Dr. Morse "is not a vocational expert and is not qualified to provide an opinion as to the claimant's employability, given her exertional capacity." While Dr. Morse's subjective medical judgment (i.e., that it would be difficult for Bonuchi to sustain a schedule) was within his sphere of expertise, his opinion on the prevalence of jobs in the national economy (i.e., that it would be difficult for her to find a job) was not. The ALJ properly rejected Dr. Morse's *vocational* opinion.

█ The ALJ also gave adequate reasons for rejecting Dr. Morse's medical opinions; they lacked explanation and were inconsistent with Dr. Morse's prior statements. 20 C.F.R. § 404.1527(d)(3)-(4). In assessing Bonuchi's residual functional capacity, the ALJ evaluated the medical evidence to determine exertional capacity, and obtained the necessary vocational evidence by calling upon a vocational expert.

As a separate issue, Bonuchi argued in her briefs that the ALJ erred by failing to recuse himself despite an "appearance of impropriety." At oral argument, however, counsel for Bonuchi conceded that this issue has been decided in the Commissioner's favor by *Bunnell v. Barnhart,* 336 F.3d 1112 (9th Cir.2003), which held that the "appearance of impropriety" standard for federal judges does not apply to ALJs.

The district court's summary judgment is AFFIRMED.