Jason M. SCHABLE, Plaintiff—
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant—
Appellee.

No. 03–35121.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2004.*

Decided May 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

David B. Lowry, Esq., Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Portland, OR, Lucille G. Meis, Esq., Richard E. Buckley, Esq., David Burdett, Esq., Seattle, WA, for Defendant–Appellee.

Before: SILVERMAN, CLIFTON, Circuit Judges, and ZAPATA, District Judge.**

MEMORANDUM ***

Jason M. Schable appeals the final order of the district court remanding this action to the Commissioner of the Social Security Administration for further administrative proceedings pursuant to 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order of remand to the Social Security Administration for abuse of discretion, *Bunnell v. Barnhart,* 336 F.3d 1112, 1114 (9th Cir.2003), and we affirm.

"[T]he decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman*

*v. Apfel,* 211 F.3d 1172, 1175 (9th Cir.), cert. denied, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000) (citation omitted).

Because the parties are familiar with the facts, we briefly restate only the facts necessary for this decision. Schable alleged disability due to the combined impairments of a shoulder injury, a learning disability, and severe headaches. After his applications were denied upon initial review and reconsideration, Schable timely requested a hearing before the Administrative Law Judge. The ALJ found that Schable was not disabled because he was capable of performing certain jobs identified by the vocational expert. The ALJ specifically found that "[t]he medical evidence establishes that the claimant has a right shoulder deficit, dysthymia, a learning disability, and headaches, impairments which are severe but which do not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."

The Appeals Council declined review and Schable sought review before the United States District Court for the District of Oregon pursuant to § 405(g). The district court reversed the ALJ's decision and remanded the case for additional administrative proceedings. The district court found that the ALJ failed to properly assess Schable's residual functional capacity and committed reversible error by omitting credible limitations.

Relying on *Harman,* the district court concluded under the three-part test established in *Smolen v. Chater,* 80 F.3d 1273 (9th Cir.1996), that further administrative proceedings were necessary to resolve remaining issues, and remanded the case with direction for the ALJ to:

** Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1) carefully consider the testimony of plaintiff and his mother and provide legally sufficient reasons should he reject any portion of; 2) consider the opinions of the Agency physicians and specify the weight given to each; 3) reevaluate plaintiff's RFC, incorporating his irritability, learning disorder, poor math skills, and any other limitations the ALJ deems credible; and 4) reassess whether plaintiff can do other work in the national economy.

In *Smolen,* we determined that evidence should be credited and an immediate award of social security benefits should be directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* at 1292.

Where it is not "clear from the record that the ALJ would be required to find the claimant disabled," remand is appropriate because there still are "outstanding issues that must be resolved before a determination of disability can be made." *Id.*

We conclude that the district court did not abuse its discretion in remanding this action to the Commissioner of Social Security for further proceedings under § 405(g) rather than remanding for an award of benefits.

**AFFIRMED.**