Larry BRISBON; et al., Plaintiffs—
Appellants,

and

Marcy Darby–Key, Plaintiff,

v.

David CORKILL, dba Cinema West
dba Fortuna Theater; et al.,
Defendants—Appellees.

No. 04–15082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Oct. 24, 2005.

Jason K. Singleton, Esq., Eureka, CA, Richard Dale, Esq., Tahoe City, CA, for Plaintiffs–Appellants.

Mark D. Peters, Esq., Office of Mark Peters, Santa Rosa, CA, for Defendants–Appellees.

Before: REINHARDT, THOMAS, Circuit Judges, and RESTANI, Chief Judge, United States Court of International Trade.

### MEMORANDUM *

Brisbon and McMahon appeal the judgment of the district court entered against them after a bench trial on their claims filed pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

### I

Contrary to the plaintiffs' assertions, there is nothing in the record to indicate that a new trial is warranted because of judicial bias. There is no evidence of extrajudicial bias. *See Liteky v. United States,* 510 U.S. 540, 554–555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (explaining bias for purposes of 28 U.S.C. § 455(a)). Rather, the plaintiffs primarily rely on the fact that they received unfavorable rulings and their belief that the judge was not receptive to their claims. The record does not support a conclusion that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

578

the judge's comments, questions, or conclusions demonstrated actual bias warranting a new trial. *United States v. Mostella,* 802 F.2d 358, 361 (9th Cir.1986).

## II

The district court did not err in its determinations on standing. To satisfy the constitutional requirements for standing, a plaintiff must allege an injury in fact, meaning that he or she "suffered an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In an ADA claim brought pursuant to 42 U.S.C. § 12188, a plaintiff may establish standing if he or she "is currently deterred from attempting to gain access" to a particular place of public accommodation due to its violations of the ADA. *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1136 (9th Cir.2002).

The record supports the district court's conclusion that McMahon lacked standing because he had used the interior ramp at issue to enter the accessible theater on several occasions without much difficulty. Further, McMahon did not allege that he does not frequent the theater because of the allegedly non-compliant ramp. Rather, his allegation is that he does not attend the theater because of the film rotation policy. However, that policy is permitted expressly by the ADA's implementing regulations—the Americans with Disability Act Accessibility Guidelines for Buildings and Facilities ("ADAAG"), *see* 56 Fed.Reg. 35,408 (July 26, 1991) (codified at 36 C.F.R. Pt. 1191, App. A). *See* 28 C.F.R. § 36.305(c). In addition, the defendants had a state-law exemption encompassing the film rotation policy. Under these facts, the district court properly concluded that McMahon lacked standing to assert the claim.

## III

The district court did not err in denying the summary judgment motions filed by both parties. The district court concluded that there were genuine issues of material fact that precluded summary judgment, most notably discrepancies in measurements of the ramp. The record before the district court provided a classic conflict of expert testimony that was best resolved at trial.

At oral argument, plaintiffs complain that the district court made an error of law by considering the testimony of one of defendants' experts that one of the measurements that was arguably in excess of the maximum ramp slope was nevertheless within allowable dimensional tolerances. Plaintiffs contend that there are no dimensional tolerances permitted under the ADA or ADAAG.

"Congress directed the Department of Justice ... to issue regulations that provide substantive standards applicable to facilities covered under Title III." *Oregon Paralyzed Veterans of America v. Regal Cinemas, Inc.,* 339 F.3d 1126, 1129 (9th Cir.2003). The regulations contained in the ADAAG establish the maximum ramp slope requirements. ADAAG § 4.8.2. However, the regulations also provide that a facility may deviate from these ADAAG requirements pursuant to the dimensional tolerance allowance, which provides that "[a]ll dimensions are subject to conventional building industry tolerances for field conditions." ADAAG § 3.2. Thus, plaintiffs' contention that there is no provision allowing for dimensional tolerance is belied by the plain language of the implementing regulations, which establish both the maximum slope standards and provide for an exception for "conventional building indus-

try tolerances for field conditions." *Id.* Given proper foundation, expert testimony concerning industry standards is perfectly admissible. *Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1017 n. 14 (9th Cir.2004). The district court did not err in considering the testimony in making its decision that there remained genuine issues of material fact for trial.

## IV

The district court did not abuse its discretion in allowing the defendant an opportunity to designate a new expert for trial. When considering a "district court's decision to amend a pre-trial order to allow parties to add witnesses," a court should weigh "(1) the prejudice or surprise of the party against whom the excluded witness testifies; (2) the ability of that party to cure the prejudice; (3) the extent to which calling the witness would disrupt the orderly and efficient trial; and (4) bad faith or wilfulness in failing to comply with the court's order." *Amarel v. Connell,* 102 F.3d 1494, 1515–16 (9th Cir.1996) (citing *Price v. Seydel,* 961 F.2d 1470, 1471 (9th Cir.1992)).

Applying the *Amarel* factors to this case, we conclude that the district court did not abuse its discretion. In particular, we note that the plaintiffs were given an opportunity to designate and present a rebuttal witness, yet they chose not to do so.

## V

"Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Stratosphere Litigation, L.L.C. v. Grand Casinos,* 298 F.3d 1137, 1142 (9th Cir. 2002). "This standard is significantly deferential, and we will accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *Lentini v. California Center for the Arts,* 370 F.3d 837 (9th Cir.2004).

In this case, the district court heard evidence from both sides with respect to the slope of the ramp and the proper way to measure it, and found that defendants' experts were more credible. Because there was evidence presented to support both positions, we cannot say that the district court's decision to credit one expert over another was clearly erroneous.

## VI

After reviewing the record, we also conclude that the district court did not abuse its discretion in denying plaintiffs' untimely motion to amend the pleadings to present a new issue at trial.

AFFIRMED.