TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the ALJ erred in discrediting Treichler’s medically determinable pain and symptom testimony based on a boilerplate credibility determination. I part company, however, with the majority’s remand for further proceedings. I would, instead, remand for the award of benefits. I, therefore, dissent from Part IV of the majority opinion.
I.
Under the credit-as-true rule, a reviewing court may “credit evidence that was *1108 rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.” Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir.2004). Under our precedent, we must remand for an award of benefits if these three factors are met, unless the record discloses that there is “serious doubt” that the claimant is actually disabled. Garrison v. Colvin, 759 F.3d 995, 1023 (9th Cir.2014). Here, each of these factors is satisfied and there is no serious doubt that Treichler is actually disabled.[1]
First, the ALJ failed to provide “legally sufficient reasons” for rejecting Treichler’s pain and symptom testimony. Id. at 1022. As the majority holds, the ALJ committed legal error in rejecting Treichler’s testimony based on boilerplate. Maj. Op. at 1102-03.
Second, there are “no outstanding issues that must be resolved before a determination of disability can be made.” Garrison, 759 F.3d at 1019 (quoting Varney v. Sec’y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir.1988) (internal quotation marks omitted)). We have remanded for additional proceedings when “critical portions of [a treating physician’s] testimony ... were not before the ALJ at all but were presented only to the Appeals Council,” Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.2000), or when “no vocational expert has been called upon to consider all of the testimony that is relevant to the case,” Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir.2003). Such considerations are absent here, where the vocational expert considered all of the relevant testimony, and where no critical evidence was submitted to the Appeals Council. No outstanding issues must be resolved on remand before a disability determination can be made.
Third, “it is clear from the record that the ALJ would be required to find [Treich-ler] disabled were [his testimony] credited.” Benecke, 379 F.3d at 593. Treichler testified that he suffers from urinary incontinence up to three times a week, fecal incontinence once or twice a month, catheter use up to four times a day for twenty minutes a time, and incapacitating pain twice a week. Dispositively, the vocational expert testified that each of these conditions, independently, prevents Treichler from performing substantial gainful activity. The vocational expert also testified that disabling pain one-fourth as severe as Treichler’s would render Treichler unemployable. Thus, “the vocational expert’s testimony establishes that taking [Treich-ler’s] testimony as true, he was disabled.” Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir.2007).
“[Treichler] satisfies all three conditions of the credit-as-true rule and ... a careful review of the record discloses no reason to seriously doubt that [he] is, in fact, disabled. A remand for a calculation and award of benefits is therefore required under our credit-as-true precedents.” Garrison, 759 F.3d at 1023.
II.
The majority, however, concludes that we should not remand for the award of benefits because some evidence in the record contradicts Treichler’s testimony. Maj. Op. at 1107. I am unpersuaded.
*1109 Application of the credit-as-true rule does not depend on the absence of contradictory evidence in the record. Instead, once the credit-as-true rule’s three-part test is satisfied, as it has been here, we must remand for the award of benefits unless “the record as a whole creates serious doubt that a claimant is, in fact, disabled.” Garrison, 759 F.3d at 1021 (emphasis added). The mere existence of some contradictory evidence is insufficient: only if that evidence is extensive and compelling does the credit-as-true rule permit us to remand for further proceedings. Id. Here, the record as a whole leaves little doubt that Treichler is disabled. On the contrary, the record amply supports Treichler’s testimony. Treichler’s description of his symptoms—-urinary incontinence, fecal incontinence, catheter use, and disabling pain—is corroborated by numerous opinions from treating physicians and from other sources.
Medical records attest to the severity and continuity of Treichler’s pain, even with medication. Treichler’s treating physicians describe his pain as “considerable,” “significant,” “[ajcute,” “chronic,” and “constant.” They diagnose his pain as ongoing: Treichler “still has,” “continues to have,” and will have “significant pain and discomfort” “for a very prolonged period of time.” Medical opinions also confirm that Treichler’s pain is not controlled well by medication: he receives “very little pain relief’ from his medication, and “is not very active because [medication] does not take all of his pain away,” leaving him only “somewhat functional.” According to other sources, “some days [Treichler] doesn’t seem like he can move at all.”
Treichler’s bladder incontinence, fecal incontinence, and catheter use are similarly affirmed by medical evidence in the record. Treating physicians and nurse practitioners diagnosed Treichler with “leakage of urine,” “bladder incontinence ... 2 times a week,” and “bladder problems.” Treating specialists, physicians, and other sources described Treichler as having “significant ... problems with bowel function,” and prescribed self-catheteri-zation “4 times daily.” The majority asserts that this evidence is wanting because it appears alongside other portions of the record that downplay the extent of Treich-ler’s disability. Maj. Op. at 1104-05 & n. 7. But the mere fact that some evidence raises questions about the severity of Treich-ler’s injuries does not cast doubt on the record as a whole, as required by our precedents to justify a remand. Cf. Garrison, 759 F.3d at 1021. I remain unconvinced that any of the discrepancies cited by the majority cast doubt sufficient to justify a remand.[2]
Although evidence from treating physicians and from other sources amply sup *1110 p'orts Treichler’s testimony about his disabling pain, bladder incontinence, bowel incontinence, and catheter use, the majority concludes that Treichler’s pain testimony, if credited, would not require the ALJ to award him benefits. Maj. Op. at 1105. I disagree.
III.
The majority remands for further proceedings to enable the ALJ to make findings concerning conflicting evidence in the record. See Maj. Op. at 1107. But the fact “that there is material in the record upon which the ALJ legitimately could have rejected ... testimony” does not justify remand for further proceedings. Harman, 211 F.3d at 1178 (emphasis added). The credit-as-true rule does not consider “whether the ALJ might have articulated a justification for rejecting” claimant testimony. Id. at 1179. When the credit-as-true rule’s criteria are met, “remand for determination and payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting” a claimant’s testimony. Id.
The majority attempts to justify its remand for further proceedings by contending that the second element of the credit-as-true rule is unmet here. Maj. Op. at 1107. The majority is mistaken. Under the second element of the credit-as-true rule, we consider whether the “record is fully developed” before the ALJ. McCartey v. Massanari, 298 F.3d 1072, 1077 (9th Cir.2002); Moore v. Comm’r of Soc. Sec. Admin., 278 F.3d 920, 926 (9th Cir.2002); Smolen, 80 F.3d at 1292. This means we consider whether the “claim of disability has been developed by an evidentiary hearing and numerous medical reports.” Vertigan v. Halter, 260 F.3d 1044, 1053 (9th Cir.2001). We may find the rule’s second element unmet only when the record is not sufficiently developed, for example when “critical portions of [a treating physician’s] testimony ... were not before the ALJ at all but were presented only to the Appeals Council,” Harman, 211 F.3d at 1180; when “additional assumptions should have been incorporated into the ALJ’s hypothetical,” Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir.2012); or when “no vocational expert has been called upon to consider all of the testimony that is relevant'to the case,” Bunnell, 336 F.3d at 1116. Here, the second element is clearly met. The record before the ALJ included all the critical evidence, and the vocational expert was asked to consider all the testimony relevant to the case. The inquiry under the second element of the credit-as-true rule should end there.
The majority, instead, holds that the second element of the credit-as-true rule is unmet where the record does not unquestionably establish that a claimant’s testimony is true. See Maj. Op. at 1105. This is improper. Fundamentally, the credit-as-true rule asks whether “taking the claimant’s testimony as true, the ALJ would clearly be required to award benefits.” Lingenfelter, 504 F.3d at 1041 (emphasis added). It does not ask, as the majority does, whether the claimant’s testimony is clearly established as true by the record.
The majority points to Nguyen v. Chater, 100 F.3d 1462 (9th Cir.1996), as an example of a ease where we remanded to the ALJ for further proceedings after finding legal error. Maj. Op. at 1104. The claimant’s case in Nguyen, however, was based primarily on the reports of doctors; the claimant’s testimony by itself was insufficient to establish that he was disabled. See Nguyen, 100 F.3d at 1464-67. The court thus made no mention of the credit-as-true rule because it was not relevant. In this case, by contrast, Treichler’s testi *1111 mony by itself would, if credited, entitle him to benefits.
The majority’s dismissal of Benecke is similarly flawed. According to the majority, the claimant’s analogy to Benecke is inapposite because Benecke was an “unusual case” where the record clearly established the defendant was unable to perform any substantial gainful work existing in the national economy. Maj. Op. at 1106-07. However, much like the case at hand, non-examining physicians offered testimony in Benecke suggesting the claimant was not disabled. Benecke, 379 F.3d at 592-93. The Benecke court applied the credit-as-true rule in spite of this evidence because the full record left no serious doubt the claimant was disabled. See id. at 595.[3] We should do the same.
The majority also contravenes the spirit and purpose of the credit-as-true rule to “ensure that pain testimony [is] carefully assessed” so “that credible claimants’ testimony is accepted the first time around.” Varney, 859 F.2d at 1398. It springs from a recognition of the extreme costs—“financial, medical, and emotional”—of an ALJ’s failure carefully to assess a claimant’s testimony in the initial proceeding. Id. at 1399. Remanding for further proceedings even when the credit-as-true rule is met, as the majority does, ignores these values and permits the Commissioner to administer “an unfair ‘heads we win; tails, let’s play again’ system of disability benefits adjudication.” Benecke, 379 F.3d at 595.[4]
“The Commissioner, having lost this appeal, should not have another opportunity to show that [Treichler] is not credible any more than [Treichler], had he lost, should have an opportunity for remand and further proceedings to establish his credibility.” Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir.2004). But the majority gives the Commissioner precisely that second bite at the apple and makes a shambles of the credit-as-true rule.
Because I would remand for the calculation and award of benefits, I respectfully dissent from the majority’s remand for further proceedings.

. Treichler worked as a tree trimmer and fell 50 feet from a tree. He suffered massive injuries, including numerous fractures and internal injuries.

. The majority asserts that our review of Treichler’s disabilities need not be searching because "we are considering whether the district court abused its discretion in determining that there are outstanding issues in the record that should be decided by the agency under the ordinary remand rule.” Maj. Op. at 1104-05. We have indicated in the past, however, that in the social security context "the distinction [between de novo and abuse of discretion review] often begins to blur.” Harman, 211 F.3d at 1176. Moreover, in Harman, after articulating the abuse of discretion standard, we applied the credit-as-true rule and, in so doing, closely examined the record to see "whether it was clear from the record that the ALJ would be required to find the claimant disabled were [the claimant’s] evidence credited.” Id. at 1178-80 (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)). The overarching abuse of discretion standard did not prevent us from giving the plaintiff's materials "the consideration to which they are entitled.” Id. at 1180; see also Benecke, 379 F.3d at 593-96. Accordingly, the abuse of discretion standard should not prevent us from fully applying the credit-as-true rule to Treichler’s case.

. According to the majority, there was no substantive evidence contradicting the claimant's disability claim because the court "implicitly held that the conclusions of the non-treating and non-examining physicians did not create a factual issue that required resolution by the agency.” Maj. Op. at 1106-07 n. 8. Though we did note in Benecke that the opinions of non-treating physicians should be given "less weight,” we never stated that such opinions received no weight. Benecke, 379 F.3d at 592. Contrary to the majority’s assertion, our application of the credit-as-true rule in Benecke came only after we acknowledged the limited evidence weighing against the claimant’s disability claim. See id. at 593-94.

. The credit-as-true rule is aimed at mitigating the terrible costs claimants must endure after erroneous credibility assessments by encouraging the AU to weigh such testimony carefully. Varney, 859 F.2d at 1398. The fact that such a scheme may penalize the Commissioner in litigation is merely a byproduct of its true purpose. The majority's suggestion that the rule is principally concerned with judicial efficiency thus is incorrect. See Maj. Op. at 1106. Though in Harman we did articulate a genéral concern that remands should occur when further proceedings are likely to be useful, we specifically noted a “limited exception” to that principle when the credit-as-true rule’s requirements are met. Harman, 211 F.3d at 1179.