NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA VALENCIA, | No. 13-15750 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00241-DGC |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 13, 2015**
San Francisco, California

Before:   **KOZINSKI** and **TALLMAN**, Circuit Judges, and **ROSENTHAL**,
District Judge.***

---

*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***   The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

**1.** The district court correctly concluded that the ALJ erred in discrediting Valencia's testimony. When, as here, a claimant is not malingering and "has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, No. 13-15213, 2015 WL 4620123, at *5 (9th Cir. Aug. 4, 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ failed to explain with specific, clear, and convincing reasons why Valencia's testimony about her symptoms and their severity was not credible.[1]

**2.** If the ALJ has erred, "we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (citations omitted) (internal quotation marks omitted); *see also Brown-Hunter*, 2015 WL 4620123, at *7. Our review shows that the

---

[1] Valencia also appealed the district court's ruling affirming the ALJ's finding that her treating cardiologist's opinion was entitled to no weight. Because we find that remand on an open record is required, we need not reach the issue of what weight the ALJ should give the cardiologist's opinion based on all the evidence.

record is not adequate to resolve outstanding issues necessary to determine whether Valencia is entitled to disability benefits. For example, Valencia's testimony and some of the medical evidence in the record are inconsistent. She testified that she could walk, stand and work only for up to 35 minutes at a time and that she easily becomes breathless and dizzy. But Valencia's self-reported activities of daily living in the medical records included her statement that she walked 3 miles every morning. This statement also appears inconsistent with her treating cardiologist's opinion that she could not work 8 hours a day, 5 days a week, because she could sit between 3 and 4 hours and stand or walk less than 1 to 2 hours in an 8-hour work day. The record does not resolve these or other inconsistencies.

**3.** The absence of a vocational expert's testimony underscores the need for an open remand. We have remanded for additional proceedings when, as here, "no vocational expert has been called upon to consider all of the testimony that is relevant to the case." *Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003); *see also Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2008) (remanding for further proceedings because "in cases such as these, 'where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence,' this Circuit has 'consistently . . . remanded for

further proceedings rather than payment of benefits.'" (quoting *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)).

**4.** Valencia argues that "testimony from a vocational consultant is superfluous" if her improperly discredited testimony is credited as true and the "reported symptoms establish disability."  But we do not apply the "credit-as-true" rule if we have found outstanding issues.  *See Treichler*, 775 F.3d at 1105 ("[O]ur case law . . . requires us to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law.").

**AFFIRMED and REMANDED for further proceedings on an open record.**