**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN M. WHALEN, | No. 16-35736 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01963-RSM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted May 15, 2018[**]
Seattle, Washington

Before: BERZON, THACKER,[***] and HURWITZ, Circuit Judges.

After her application for social security disability insurance benefits was

denied, Kathleen Whalen appealed the Commissioner of Social Security's decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

to the district court. The Commissioner then requested the district court remand for further proceedings before an administrative law judge ("ALJ"). Whalen did not oppose the remand, but asked that the district court direct a remand to an ALJ other than the one who had originally denied her application. The district court denied that request; Whalen's appeal to this Court challenges only that denial. We have jurisdiction under 28 U.S.C. § 1291,[1] and affirm.

1. "[A]ctual bias must be shown to disqualify an administrative law judge." *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).[2] The ALJ's failure to subpoena witnesses and documents that Whalen requested, even if error, does not demonstrate actual bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal"); *Brisbon v. Corkill*, 151 F. App'x 576, 577–78 (9th Cir. 2005) (finding no bias merely because party "received unfavorable rulings" from judge).[3] Nor does the ALJ's consideration of the Cooperative Disability Investigations Unit

---

[1]    The clerk's order to show cause, Dkt. 3, as to our appellate jurisdiction is discharged.

[2]    Contrary to Whalen's contention, Social Security Ruling 13-1p does not mandate disqualification for "appearance of impropriety," but rather "explains the . . . vehicles . . . for addressing complaints of unfairness, prejudice, partiality, bias, misconduct, or discrimination by an administrative law judge." *Id*.

[3]    Whalen also asks us to overrule *Bunnell,* but "[a] three judge panel of this court cannot overrule a prior decision of this court." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1018 (9th Cir. 2000) (per curiam).

("CDIU") report show actual bias. As Whalen concedes, "[t]he CDIU report was certainly admissible." *See* 42 U.S.C. § 405(b)(1).

2. Whalen also argues that remand to a different ALJ is warranted because the original ALJ "suggested that he already made up his mind" and "affirmatively misrepresented the record." *See Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (remanding to a new ALJ absent a showing of actual bias). But, although the ALJ initially stated that he "would find that the claimant has no credibility" after viewing a surveillance video, he later made clear that he was open to changing his mind, "depending on the evidence that's developed." Indeed, the ALJ eventually found Whalen disabled (albeit with a different disability onset date than she alleged). The error in the ALJ's decision, which inaccurately stated that Whalen's request for "a subpoena of the investigator, records, tapes, and other evidence related to the CDI report" had been granted, does not demonstrate that Whalen will not receive a fair hearing on remand.

**AFFIRMED**.[4]

---

[4] Whalen's motions for judicial notice, Dkt. 42, and to file a late brief, Dkt. 46, are **GRANTED**.