**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH MARTIN GARDNER, | No. 19-55044 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02940-JAH-WVG |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted May 12, 2022**
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,*** District
Judge

Kenneth Martin Gardner appeals pro se the district court's affirmance of the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

Commissioner of Social Security's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

**1.** The district court did not abuse its discretion by rejecting Gardner's argument that the ALJ was biased against him based on the statistics and information provided on a third-party website. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1114-15 (9th Cir. 2003) (setting forth the standard of review and explaining that to disqualify an ALJ, a claimant must show actual bias); *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) (noting that "ALJs . . . are presumed to be unbiased," and that the party asserting bias has the burden of rebutting this presumption by showing some "specific reason for disqualification" (quoting *Schweiker v. McClure*, 456 U.S. 188, 195 (1982))). Setting aside significant issues with respect to the reliability and probative force of the information provided on the website, the statistics Gardner relies on do not support his contention that the ALJ's denial rates in the year when Gardner's case was decided were unreasonably high as compared to the national average. Moreover, as the district court pointed out, neither Gardner nor the website explained how the cases underlying the statistics were selected, whether they concerned claimants with post-traumatic stress disorder, or how many of the ALJ's decisions were overturned. Gardner's claim of bias based on other claimants' reviews of the ALJ posted on the website is

also not persuasive. The website contains mixed reviews for the ALJ, with five negative and four positive reviews. And even if the reviews were all negative, the existence of negative reviews, purportedly left by rejected claimants, does not by itself establish categorical bias against individuals with post-traumatic stress disorder. Thus, the district court did not abuse its discretion by rejecting Gardner's claim of bias. *See Bunnell*, 336 F.3d at 1114-15; *Verduzco,* 188 F.3d at 1089.

**2.** Gardner's second basis for contending that the ALJ was biased—the ALJ's negative comments at the hearing—is similarly meritless. To demonstrate bias, a claimant must show that "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). The ALJ's comments do not meet this standard, and the district court did not abuse its discretion by rejecting Gardner's bias argument.

**3.** We also reject Gardner's arguments that the ALJ erred in finding at Step Five that Gardner could perform certain unskilled work. Gardner first argues that it was not "reasonable" for the ALJ to find that Gardner, who had a prior career as a salesperson, would be suitable as a cleaning person merely because that is "a job that was substantially below [his] former salary level." This argument is legally incorrect. *See* 20 C.F.R. § 404.1505(a) (defining "disability" as not only the

inability to perform "past relevant work," but the inability to perform "any other substantial gainful work that exists in the national economy"). Gardner also argues that due to his limited ability to interact with coworkers and the public, he could not perform the job of cleaner. This argument also fails. The ALJ's reliance on the Vocational Expert's testimony was supported by substantial evidence, and the ALJ found that the Vocational Expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (noting that the DOT is usually the "the best source for how a job is generally performed"). Moreover, Gardner does not challenge two additional occupations the Vocational Expert and ALJ identified, and therefore, concedes the issue. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.")

**4.** Finally, the district court did not abuse its discretion by denying Gardner's request for oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Morrow v. Topping*, 437 F.2d 1155, 1156-57 (9th Cir. 1971) (per curiam) (finding no due process violation where the district court dismissed the plaintiff's action without oral argument).

**AFFIRMED.**