Angelina **MERRILL**, on behalf of Austin **MERRILL**, a minor, Plaintiff–Appellant,

v.

Kenneth S. **APFEL**, Commissioner of Social Security, Defendant–Appellee.

No. 98–36000.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2000[1]

Filed Sept. 25, 2000

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

David B. Lowrey, Portland, Oregon, for the plaintiff-appellant.

Richard H. Wetmore, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

Before: FLETCHER, HALL, and TASHIMA, Circuit Judges.

HALL, Circuit Judge:

Angelina Merrill, on behalf of her son, Austin Merrill ("Austin"), appeals the district court's affirmance of the decision of the Commissioner of Social Security ("the Commissioner") to deny Austin's application for supplemental security income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383d. The district court's holding was based on the decision of an administrative law judge ("ALJ"), who found that Austin was not disabled. This Court has jurisdiction over Mrs. Merrill's appeal under 28 U.S.C. § 1291.

On August 8, 1994, Mrs. Merrill filed Austin's application for SSI disability benefits. She alleged that Austin has been disabled by asthma and bilateral clubfeet since his birth on March 7, 1994. Austin underwent surgery on his feet in May and July of 1995. The surgery went well. In March 1996, Austin's physician reported that Austin was wearing clubfoot splints and had started walking.

Austin's SSI application and request for reconsideration were denied. Mrs. Merrill then filed a request for a hearing before an ALJ. The hearing took place on April 4, 1996. Expert medical testimony was presented that Austin was making "good progress" with his feet. Mrs. Merrill testified, however, that Austin still could not walk unassisted. The ALJ found that Austin's impairment did not meet the criteria for disability. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Austin's request for review. On September 9, 1998, the district court affirmed the Commissioner's decision to deny benefits.

This Court reviews de novo the district court's decision to uphold the Commissioner's denial of social security benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). The Court may set aside a denial of benefits only if not sup-

ported by substantial evidence in the record or if it is based on legal error. *See Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Secretary of Health and Human Servs.,* 44 F.3d 1453, 1457 (9th Cir.1995).

A child is disabled for the purposes of the SSI program if he suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (Supp.1998). An impairment causes "marked and severe functional limitations" if it matches the impairments described in the Listing of Impairments ("Listing"). *See* 20 C.F.R. § 416.924(d) (1999). The Listing includes criteria for musculoskeletal impairments in children. Such an impairment exists if there is a:

> [d]eficit of musculoskeletal function due to deformity or musculoskeletal disease and one of the following:
>
> A. Walking is markedly reduced in speed or distance despite orthotic or prosthetic devices; or
>
> B. Ambulation is possible only with obligatory bilateral upper limb assistance (e.g., with walker, crutches);
>
> . . . .

20 C.F.R. Pt. 404, Subpt. P., Appendix 1, Part B § 101.03 (1999).

Thus, to be eligible for disability benefits, Austin must satisfy two criteria. First, he must have an impairment that results in marked and severe functional limitations. He satisfies this criterion if his impairment matches one of those described in the Listing. Second, the impairment must have lasted or can be expected to last for a continuous period of at least 12 months.[2]

■ The ALJ's decision that Austin did not satisfy the "marked and severe functional limitation" criterion was not supported by substantial evidence. Evidence was supplied at the administrative hearing demonstrating that Austin's clubbed feet constituted a musculoskeletal impairment under the Listing. Mrs. Merrill testified repeatedly that Austin was unable to walk unassisted. This Court has held that an ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members. *See Smolen,* 80 F.3d at 1288; *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993).

2. Public Law No. 104–193 provides the current statutory definition of disability for individuals under the age of 18. The current definition applies to any individual whose claim for disability benefits is finally adjudicated on or after August 22, 1996. *See* Effective Date of 1996 Amendments, 42 U.S.C. § 1382c (Supp.1998). Since Austin's claim is currently before this Court on direct appeal, the amended definition applies to his claim.

At the time of Austin's hearing in front of the ALJ, an individual under the age of eighteen was disabled for the purposes of the SSI program if he suffered from an impairment of "comparable severity" as that of an adult who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A)(1994). The regulations implementing the SSI program offered guidance as to the meaning of "comparable severity." For the purposes of a musculoskeletal impairment, a child's impairment was of comparable severity to an adult's impairment if it matched the criteria in the Listing of Impairments-the same Listing of Impairments in effect under the current definition of disability. *See* C.F.R. § 416.924 (1996); 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, Part B § 101.03 (1996). Thus, regardless of whether we apply the old or new definition of disability, the analysis of Austin's claim remains the same: Austin is entitled to disability benefits if: (1) his impairment does not allow him to walk without assistance; and (2) the impairment has lasted or can be expected to last for a continuous period of at least 12 months.

The ALJ, however, did not mention Mrs. Merrill's testimony in his ruling. Instead, he relied on the testimony of medical experts that Austin was making good progress. The medical evidence relied on by the ALJ only established that Austin had a good prognosis after corrective surgery, not that he failed to satisfy the criteria for a disability at the time of the hearing in front of the ALJ. The experts did not refute Mrs. Merrill's testimony that Austin could not walk by himself. The ALJ needed to provide a specific explanation for rejecting Mrs. Merrill's testimony that Austin could not walk without "bilateral upper limb assistance," and thus, had a marked and severe impairment at the time of the administrative hearing. *See Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Under the second criterion for SSI eligibility, Austin's impairment must have lasted or be expected to last for a continuous period of at least 12 months. At first glance, Austin easily meets the duration requirement. He was a little over two years old at the time of the hearing, and Mrs. Merrill testified that Austin's impairment has been present from birth. Therefore, when the ALJ made his decision, Austin had been impaired for over two years.

The problem is that any child has trouble walking in the early stages of development. A more common sense approach is to begin counting time towards the 12–month requirement only at the time when a typical, unimpaired child would be able to walk unassisted. The statute and regulation should be read as classifying a condition as an impairment only when the condition prevents the applicant from walking at a time when a child of normal development would be walking. Otherwise, the applicant is not impaired from engaging in an activity that a child free from musculoskeletal deficit can engage in. Most children take their first steps within a few months of their first birthday. *See* Bernard Valman, *Columbia University Department of Pediatrics Children's Medical Guide* 24–25 (1997) (noting on chart of developmental milestones that children "can walk without help" between 10 and 18 months); American Medical Association, *Encyclopedia of Medicine* 347 (1989) ("[C]hildren are not considered delayed unless they are not walking by themselves by 18 months."); Arlene Eisenberg et al., *What to Expect the First Year* 365 (1989) (describing "various studies placing the average age for first-steptaking between thirteen and fifteen months"). We leave to the Commissioner on remand to determine an exact starting age for when the typical child can walk unassisted. Child applicants for SSI disability benefits based on inability to walk should not be able to accrue time towards the durational requirement until they have reached this starting age.

The ALJ's decision does not show that Austin failed to meet the durational requirement. Moreover, the ALJ's findings do not address Mrs. Merrill's testimony that Austin was incapable of walking by himself, and therefore that his impairment was "marked and severe." Accordingly, the judgment of the district court is reversed and remanded with directions that the ALJ's decision be vacated and the case be further remanded to the Commissioner for a determination of whether, despite his prognosis, Austin's disability met the criteria for impairment under Part B § 101.03 of the Listing of Impairments and, if so, whether Austin satisfied the 12–month requirement.

REVERSED AND REMANDED.