**Jamie FINNSSON, et al., Plaintiffs—Appellants,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 01–56092.

D.C. No. CV–98–09075–BQR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2002.

Decided Aug. 23, 2002.

Before REINHARDT, LEAVY and TROTT, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Social Security Administration published Final Rules to determine disability for chil-

## MEMORANDUM \*

Jamie Finnsson, on behalf of her son Daniel, appeals the district court's grant of summary judgment to the Commissioner of Social Security. Because we agree with the district court that substantial evidence supported the findings of the Commissioner to deny Finnsson benefits, we affirm.

A district court's decision to uphold the Commissioner's denial of social security benefits is reviewed de novo. *Merrill v. Apfel,* 224 F.3d 1083, 1084 (9th Cir.2000). A denial of benefits may be set aside only if it is not supported by substantial evidence or if it is based on legal error. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1457 (9th Cir.1995).

Supplemental Security Income (SSI) benefits are available to children under the age of eighteen who have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).[1] An impairment is "marked and severe" if it meets, medically equals, or functionally equals an impairment listed in Appendix 1, subpart P, part 404 of the C.F.R. An applicant "meets" a listed impairment if his own impairments match those described in a listing. 20 C.F.R. § 416.924(d)(1)(1997). He "medically equals" that impairment if

dren in 2000, but they do not apply to Finnsson's case. *Determining Disability for a Child Under 18,* 65 Fed.Reg. 54,747 (Sept. 11, 2000)(codified at 20 C.F.R. pt. 404 & 416).

he demonstrates medical findings related to his own impairment that are of equal medical significance to the listed one, even if his showing is deficient in other ways. 20 C.F.R. § 416.926(a)(1)(1997). He may also try to demonstrate that his impairment "functionally equals" one listed within the appendix by showing either "marked" limitation in two areas or "extreme" limitation in one area. The five areas in which functional equivalence may be shown are: 1) cognition/communication, 2) motor, 3) social, 4) personal, and 5) concentration, persistence or pace. 20 C.F.R. § 416.926a (1997).

■ We do not doubt that Finnsson suffers from Tourette's Syndrome, Attention Deficit Hyperactivity Disorder, chronic ear infections, and learning disabilities. Nor do we doubt that his ailments place a burden on his mother and make his own life more difficult than that of other children his age. However, that may not be sufficient to entitle him to benefits under the rules and regulations adopted by the Social Security Administration. Here, the administrative law judge (ALJ) determined that Finnsson did not meet or medically equal the criteria of Listing 112.07 for Somatoform, Eating, and Tic Disorders. *Listing of Impairments*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1997). The ALJ also determined that Finnsson demonstrated no limitations in the areas of cognitive/communicative functioning and motor functioning, and less than marked limitations in social and personal functioning, as well as in concentration, persistence, and pace. While we do not conclude that no reasonable ALJ could have adjudged Finnsson's alleged impairments differently, we hold that Finnsson fails to demonstrate that the determination reached here was not supported by "substantial evidence."

■ Second, Finnsson alleges that the ALJ disregarded his mother's testimony. An ALJ must give clear and convincing reasons for rejecting testimony when the witness has produced consistent medical evidence and there is no affirmative evidence that he is malingering. *See Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir.1999). When lay testimony conflicts with medical evidence, the ALJ may discount such testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001). Here, the ALJ cited specific medical evidence when he rejected certain parts of the mother's testimony. The remaining aspects of her testimony were not rejected or contradicted by anything in the ALJ's decision. On this record, Finnsson fails to show that the ALJ's decision is not supported by substantial evidence and is based on legal error.

Finally, Finnsson argues that his testimony was improperly discredited by the ALJ. Had the ALJ rejected Finnsson's testimony, he would have been obligated to state clear and convincing reasons for doing so. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998). Here, there is no evidence that the ALJ thought Finnsson's testimony lacked credibility. In his decision, the ALJ acknowledged Finnsson's testimony, but nevertheless deemed Finnsson ineligible for benefits in light of the totality of the evidence. We conclude that Finnsson's testimony was properly credited.

Accordingly, the judgment of the district court is AFFIRMED.