**Jerry D. BRANSON, Plaintiff–Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 03–35089.

D.C. No. CV–02–00234–ALH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided May 14, 2004.

James S. Coon, Swanson, Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, Lucille G. Meis, Esq., Thomas Elsberry, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before SILVERMAN, CLIFTON, Circuit Judges, and ZAPATA, District Judge.

### MEMORANDUM *

Jerry D. Branson appeals the district court order affirming the decision of the Commissioner of the Social Security Administration that applied 42 U.S.C. § 424a(a), the workers' compensation offset provision, to his disability award. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. We review de novo the district court's decision to uphold the Commissioner's denial of benefits. *Merrill v. Apfel,* 224 F.3d 1083, 1084 (9th Cir. 2000). We reverse if the Commissioner's findings of fact are not supported by substantial evidence or if there was legal error. *Id.* at 1084–85.

The parties contest whether Branson's Oregon workers' compensation award was reduced because of Oregon's reverse offset provision. Or.Rev.Stat. § 656.209(1). The ALJ found that Branson did not establish that the workers' compensation payments received were for permanent total disability, and did not establish that the insurer applied a Social Security offset to reduce the value of his workers' compensation award. Thus, he concluded, the Social Security offset provision was properly applied to reduce Branson's Social Security benefits.

The ALJ's finding was supported by substantial evidence. The memo by Branson's lawyer reflects only that the adjuster would think about applying the offset. It did not prove that the offset was in fact applied. Furthermore, the inference that the offset may have been applied is refuted by the fact that Branson is not permanently totally disabled. He has returned to the workforce.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.