**Michael WAGNER, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 04–35107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Nov. 28, 2005.

David B. Lowry, Esq., Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Liva Jamala Edwards, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Michael E. Wagner appeals the district court's summary judgment order affirming the denial by the Commissioner of the Social Security Administration of Wagner's request for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. The parties are familiar with the facts and procedural history of this case, so we do not repeat them here. Because substantial evidence supports the findings of the Administrative Law Judge (ALJ) and because those findings were not based on legal error, we dismiss in part and affirm in part. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996).

Although the parties did not raise the issue of jurisdiction, we must raise it sua sponte where jurisdiction is lacking. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997). To the extent that Wagner raises a constitutional challenge regarding the sufficiency of the ALJ's listed impairment finding, Wagner did not exhaust this claim with the Commissioner and we lack jurisdiction to consider it. *See Avol v. Sec. of Health & Human Servs.*, 883 F.2d 659, 661 (9th Cir.1989).

The ALJ gave appropriate weight to the 100% disability rating by the Department of Veterans Affairs (VA), even though the ALJ rejected it, because the ALJ concluded that the VA rating was based on Wagner's subjective reports of his symptoms and because the VA rating was not consistent with the medical record as a whole. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002).

The ALJ appropriately discounted Dr. Kaiser's diagnosis of systemic myasthenia gravis because no other physician who later examined Wagner corroborated Dr. Kaiser's diagnosis; indeed, several physicians ruled out the possibility that Wagner could develop the systemic form of the disease. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir.2004).

Substantial evidence supports the ALJ's finding that Wagner was capable of sustained work because, although Dr. Grewenow determined that Wagner would miss two days of work per month due to migraine headaches, Dr. Grewenow's restrictive determination was not consistent with his other findings (as examples, that Wagner would be able to function almost normally in a working environment and that Wagner's headaches were infrequent and responded favorably to medication). *See id.*

The ALJ was not required to incorporate Wagner's fluctuating symptoms into the ALJ's sustained work analysis because no objective medical evidence supported their existence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir.1991) (en banc) (explaining that, although a subjective complaint of pain need not be fully corroborated by objective medical evidence, a claimant must "produce medical evidence of an underlying *impairment*").

The ALJ was not required to develop the record further on whether Wagner had systemic myasthenia gravis or whether Wagner could engage in sustained work because the medical record provided an adequate basis for the resolution of these issues. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). Whenever evidence might have been ambiguous, the ALJ identified the conflicts in the medical record, decided what evidence was reliable,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and properly based his decision on that evidence. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002).

Because the record contains affirmative evidence that Wagner was malingering, the ALJ did not need "clear and convincing" reasons to reject Wagner's testimony about his physical condition. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). To justify rejecting Wagner's testimony, the ALJ properly furnished three legitimate reasons supported by substantial evidence. First, Wagner's testimony that his physical symptoms had remained unchanged after his initial diagnosis conflicted with medical evidence indicating that Wagner's condition had improved. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997). Second, Wagner's testimony about his fluctuating symptoms was unsupported by any medical evidence establishing a condition that would reasonably be expected to produce these symptoms. *See Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). Third, although Wagner's daily activities (e.g., working on model cars, shopping for groceries, taking out the trash, performing household chores, and playing ping pong) were not extensive, they went beyond what would be expected of an individual who, like Wagner, claimed to be so fatigued as to have trouble getting out of bed and felt incapacitated for days after exerting himself. *See Light,* 119 F.3d at 793 (stating that an ALJ may disbelieve a claimant if there are inconsistencies between the claimant's testimony about his daily activities and his testimony about the nature, effect, or severity of his symptoms); *Smolen,* 80 F.3d at 1284 (explaining that, in determining the credibility of a claimant's testimony about the severity of symptoms, an ALJ may consider the claimant's daily activities).

The ALJ properly provided two germane reasons for rejecting the testimony of Wagner's lay witness: that the lay witness's statement about Wagner's memory loss was contradicted by Wagner's normal results on memory tests performed by Dr. Barry; and that the lay witness's observations of Wagner's fluctuating symptoms were undermined by medical reports indicating that those symptoms did not exist. *See Merrill v. Apfel,* 224 F.3d 1083, 1086 (9th Cir.2000) (applying the principle that, when discounting the testimony of a lay witness, an ALJ must give germane reasons for doing so).

Contrary to Wagner's contention, the ALJ did not err in determining that Wagner was not disabled under the medical vocational guidelines because, even if Wagner was of advanced age, his past relevant work as a sales representative was skilled and transferrable to work as a telephone quotation clerk. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.07. The transferability determination properly took into consideration the complexities of the job and concluded that the job would "draw upon [Wagner's] background in sales and services." *See Renner v. Heckler,* 786 F.2d 1421, 1423 (9th Cir.1986).

Finally, the ALJ posed a complete hypothetical to the vocational expert by asking whether an individual with the same vocational profile as Wagner could perform other work and whether it would be relatively easy for Wagner to find a job. The ALJ's hypothetical included impairments for which there was substantial evidence, and the ALJ confirmed that the vocational expert was familiar with Wagner's vocational history. The ALJ was not required to inform the vocational expert about Wagner's fluctuating symptoms because, as already discussed, substantial evidence supported the ALJ's conclusion that Wagner's reports of these symptoms were not sup-

ported by medical evidence. *See Magallanes v. Bowen,* 881 F.2d 747, 756–57 (9th Cir.1989).

DISMISSED in part, AFFIRMED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

