**Marcia E. AUGUSTINE on behalf of Julia F. Ramirez, Plaintiff,**

v.

**Michael J. ASTRUE,[1] Commissioner of Social Security, Defendant.**

**No. EDCV 06–0903–RC.**

United States District Court, C.D. California.

Jan. 17, 2008.

Bill Latour, Bill Latour Law Offices, Loma Linda, CA, for Plaintiff.

Sharla Cerra, AUSA–Office of U.S. Attorney, Los Angeles, CA, for Defendant.

## OPINION AND ORDER

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On August 23, 2006, plaintiff Julia F. Ramirez, a minor proceeding through her guardian ad litem and mother, Marcia E. Augustine, filed a complaint seeking review of the Commissioner's decision denying her application for disability benefits. On December 5, 2006, the Commissioner answered the complaint and the parties filed a joint stipulation on February 20, 2007.

## BACKGROUND

The plaintiff, who was born on July 7, 1997, is now 10 years old A.R. 51, 55, 164. On May 19, 2004, plaintiff's mother filed an application on plaintiff's behalf for disability benefits under the Supplemental Security Income ("SSI") program of Title XVI of the Social Security Act, 42 U.S.C. § 1382(a), claiming plaintiff has been disabled since January 1, 2002, due to attention deficit hyperactivity disorder ("ADHD") and depression. A.R. 51–54, 71. The plaintiff's application was initially denied on August 25, 2004, and was again denied on November 23, 2004, following reconsideration. A.R. 33–43. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge F. Keith Varni ("ALJ") on January 6, 2006. A.R. 44–45, 161–75. On March 8, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 9–21. The plaintiff appealed this decision to the Appeals Council, which denied review on June 16, 2006. A.R. 5–8.

## DISCUSSION

### I

■ The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007); *Merrill v. Apfel*, 224 F.3d 1083, 1084–85 (9th Cir.2000).

■ A minor is "disabled" for purposes of the SSI program if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i);

*Merrill,* 224 F.3d at 1085. "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir.1995), *cert. denied,* 517 U.S. 1122, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996); *Smolen v. Chater,* 80 F.3d 1273, 1289 (9th Cir.1996).

■ The Commissioner has promulgated regulations establishing a three-step sequential evaluation process for the ALJ to follow when considering the disability application of a minor. 20 C.F.R. § 416.924. In the **First Step,** the ALJ must determine whether the claimant is currently engaged in substantial gainful activity; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.924(b). If the claimant is not currently engaged in substantial gainful activity, in the **Second Step,** the ALJ must determine whether the claimant has a severe medically determinable impairment or combination of impairments; if not, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.924(c). If the claimant has a severe impairment, in the **Third Step,** the ALJ must determine whether the claimant's impairment meets or medically or functionally equals an impairment in the Listing of Impairments ("Listings"), 20 C.F.R. § 404, Subpart P, App. 1, and if the claimant's impairment meets or equals an impairment in the Listings, and meets the durational requirement, disability is presumed and benefits are awarded. 20 C.F.R. § 416.924(d). When the claimant's impairment does not meet or equal an impairment in the Listings, or does not meet the durational requirement, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 416.924(d)(2).

Applying the three-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity at any relevant time. (Step One). The

ALJ then found plaintiff has ADHD and a depressive disorder, which are severe impairments. (Step Two). Finally, the ALJ concluded plaintiff does not have an impairment or combination of impairments that meets or equals a Listing; therefore, plaintiff is not disabled. (Step Three).

## II

■ The mere diagnosis of an impairment listed in 20 C.F.R. Appendix 1, Subpart P, is insufficient, in itself, to support a finding of disability; rather, the claimant also must have the findings shown or symptoms detailed in the listing of that impairment. 20 C.F.R. § 416.925(d); *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir.1985). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999) (citation omitted); *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

■ Even if an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may be disabled if her impairment or combination of impairments is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a; *Smith v. Massanari*, 139 F.Supp.2d 1128, 1135

(C.D.Cal.2001). Functional equivalence is measured by assessing the claimant's ability to function in terms of the following six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do": (i) Acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment or combination of impairments functionally equals a Listing if it results "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(b)(1) (i–vi).[2] In evaluating a claimant's ability to function in each domain, the ALJ should answer the following questions about whether the claimant's impairments affect her functioning, and whether the claimant's "activities are typical of other children [of the same] age who do not have impairments": (!) What activities can the claimant perform? (2) what activities is the claimant unable to perform? (3) which of the claimant's activities are limited or restricted compared to other children the claimant's age who do not have impairments? (4) where does the claimant have difficulty with her activities—at home, in child care, at school, or in the community? (5) does the claimant have difficulty independently initiating, sustaining, or completing activities? and (6) what kind of help does the claimant need to do her activities, how much help is needed,

---

**2.** A limitation is "marked" if it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities [,]" which "is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(i). A limitation is "extreme" if it "interferes very seriously with [the claim-

ant's] ability to independently initiate, sustain, or complete activities"; however, it "does not necessarily mean a total lack or loss of ability to function[;]" rather, "[i]t is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least three standard deviations below the mean." 20 C.F.R. § 416.926a(e)(3)(i).

and how often is the help needed? 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The ALJ found plaintiff does not meet or medically or functionally equal any listed impairment since her severe mental impairment does not impose any marked or extreme limitations. A.R. 15–21. With regard to the six functional equivalence domains, the ALJ found plaintiff has: less than a marked limitation in acquiring and using information; no limitation in attending and completing tasks; no limitation in interacting and relating with others; no limitation in moving about and manipulating objects; less than marked limitation in the ability to care for herself; and no limitation in health and physical well-being. A.R. 17–21. The plaintiff, however, contends these findings are not supported by substantial evidence because the ALJ failed to properly consider both her medical records from Riverside County Department of Mental Health ("DMH")[3] and the opinion of her treating psychiatrist, Rich Heidenfelder, M.D., and the ALJ did not properly develop the administrative record.

■ The medical opinions of treating physicians are entitled to special weight because the treating physician "is em-ployed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987); *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir.1999). Therefore, the ALJ must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995), and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick,* 157 F.3d at 725; *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir.2001).

On March 16, 2005, Dr. Valdes examined plaintiff and diagnosed her with ADHD, a depressive disorder, borderline intellectual functioning and a learning disability, determined plaintiff's Global Assessment of Functioning ("GAF") to be 45[4] (highest past year 55),[5] and prescribed medication. A.R. 135, 152, 155. In making his assessment, Dr. Valdes noted plaintiff talks about hurting herself, and plaintiff cannot get along with others, cannot pay atten-

3. Although plaintiff claims the ALJ failed to properly address the opinion of Diana Irving, a licensed clinical social worker at DMH, the medical records plaintiff cites to support her claim were written by M.L. Valdes, M.D., not Ms. Irving. *See* Joint Stip. at 10:5–11:3, 11:18–21; *see also* A.R. 135, 152 (Dr. Valdes's psychiatric evaluation of plaintiff). Therefore, the Court must address whether the ALJ properly considered the opinion of Dr. Valdes. However, the DMH records also include notations and diagnoses from Ms. Irving, *see* A.R. 156–59, which the ALJ failed to discuss. At the very least, Ms. Irving's opinions and assessments were entitled to consideration as other medical evidence in the record, 20 C.F.R. § 416.913(d); *Tindell v. Barnhart,* 444 F.3d 1002, 1005 (8th Cir.2006), and it was error for the ALJ to fail to address

Ms. Irving's opinions. *Perillo v. Astrue,* 516 F.Supp.2d 206, 208–09 (D.Conn.2007).

4. A GAF of 45 means that the individual exhibits "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders,* 34 (4th ed. (Text Revision) 2000).

5. A GAF of 55 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.*

tion, cannot sit still, and cannot remember things from one assignment to the next. A.R. 135. Dr. Valdes found plaintiff's insight and judgment were poor, her memory was good, and she was oriented times three. A.R. 152. On April 26, 2005, Dr. Valdes reported plaintiff's initial response to medication was poor, and found plaintiff cannot process authority, is hyper all day, and runs into traffic. A.R. 151. On May 17, 2005, Dr. Valdes also noted plaintiff cries a lot and does not want to go to school. A.R. 151. On July 12, 2005, Dr. Valdes opined the medication was now working, and plaintiff was calm and pleasant and was learning to get along with other children. A.R. 150. On September 15, 2005, Dr. Valdes noted plaintiff's grandmother was dying, and plaintiff was more depressed and anxious, has made statements she wants to kill herself, has started hitting herself, and is again not getting along with other children. A.R. 142. On October 13, 2005, Dr. Valdes reported plaintiff was doing well in school, but cries in the morning and when she comes home from school. A.R. 145.

■ Here, the ALJ failed to discuss any of Dr. Valdes's findings or opinions in his decision, and implicitly rejected many of Dr. Valdes's opinions. Rather, the ALJ's sole reference to DMH is in his paraphrasing of plaintiff's mother's testimony, *see* A.R. 15–16, which is plainly insufficient. Moreover, the ALJ's finding that plaintiff has no limitation interacting and relating to others is clearly contrary to Dr. Valdes's opinion that plaintiff cannot get along with others. *See* 20 C.F.R. § 416.926a(i)(3). Thus, the ALJ's failure

to properly assess and provide reasons for rejecting Dr. Valdes's opinions is clear legal error.[6] *Lingenfelter,* 504 F.3d at 1038 n. 10; *Smolen,* 80 F.3d at 1286. Additionally, as noted above, it was also error for the ALJ to fail to discuss Ms. Irving's opinions. As such, the ALJ's Step Three conclusion is not supported by substantial evidence. *Merrill,* 224 F.3d at 1085–86.

### III

■ When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir.2002). "Generally when a court ... reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir.2004) (citations omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir.2004). Here, remand is appropriate to allow the ALJ to properly consider the medical records from DMH and to ascertain whether those records demonstrate plaintiff meets or medically or functionally equals a listed impairment.[7] *Widmark v. Barnhart,* 454 F.3d 1063, 1070 (9th Cir.2006); *Bunnell v. Barnhart,* 336 F.3d 1112, 1116 (9th Cir. 2003).

### ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the

---

6. It is particularly troubling that the only evidence the ALJ relied upon in determining whether plaintiff's condition is functionally equal to a listed impairment is a questionnaire completed by plaintiff's first grade teacher, *see* A.R. 17–20, rather than the opinions of treating health professionals in the record.

7. Having reached this conclusion, this Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.

Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

## JUDGMENT

IT IS ADJUDGED that Judgment be entered remanding the action to the Social Security Administration for further proceedings consistent with the Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g).