**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERESITA TIJERINA, on behalf of A.V. a minor child,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.   21-35559

D.C. No. 4:20-cv-05099-JTR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Submitted June 6, 2022[**]
Seattle, Washington

Before: GILMAN,[***] IKUTA, and MILLER, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Teresita Tijerina appeals the district court's decision affirming the Social Security Commissioner's denial of an application for supplemental social security income submitted on behalf of her minor child (A.V.) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f.  We have jurisdiction under 28 U.S.C. § 1291.

The Administrative Law Judge (ALJ) did not err at step three of the sequential evaluation for childhood disability applications by failing to consider or mention Listing 106.07, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 106.07.  In finding that A.V. did not have an impairment or combination of impairments that met or was equivalent to any childhood listing, it was sufficient for the ALJ to rely on determinations by three doctors (two of whom expressly referenced Listing 106.07) that A.V.'s impairments did not meet or equal any listing.  *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  Moreover, Tijerina failed to present evidence that A.V.'s impairments met Listing 106.07 or were medically equivalent to that listing.  Therefore, the ALJ's conclusion was supported by substantial evidence, and the ALJ was not required to mention Listing 106.07 specifically. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)).  The ALJ did not fail in her duty to develop the record because this duty "is triggered only when there is ambiguous evidence or

when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (citation omitted). Here, the record was adequate for the ALJ to evaluate whether A.V.'s impairments met or equaled a childhood listing, and Tijerina fails to identify what portions of the record were ambiguous.

The ALJ did not err in discounting Tijerina's testimony regarding A.V.'s symptoms and the impact of her impairments on her school attendance. The ALJ was required to provide only germane reasons for discounting such testimony, not clear and convincing evidence, *see Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and the ALJ provided such reasons. In rejecting Tijerina's claims regarding the frequency and severity of A.V.'s urinary tract infections (UTIs), the ALJ relied on objective medical evidence, including treatment notes demonstrating that A.V. had no UTIs in July 2016, February 2018, October 2018, and February 2019. In discounting Tijerina's claim about the impact of A.V.'s impairments on her school attendance, the ALJ relied on Dr. Seligman's testimony that A.V.'s impairments would not cause the level of absenteeism Tijerina asserted, among other evidence. Moreover, the record supports the ALJ's finding that A.V.'s school records

3

contradicted Tijerina's claim that A.V.'s UTIs caused her to miss school for weeks at a time.

The ALJ's finding of a marked limitation, rather than an extreme limitation, in the functional domain of health and physical well-being was supported by substantial evidence, given that three medical experts opined that A.V. had only a marked limitation in this domain. Further, the ALJ provided germane reasons for discounting Tijerina's contentions about A.V.'s limitations in this domain. *See Lewis*, 236 F.3d at 511.

The ALJ's determination that A.V.'s limitations were not marked in the domain of acquiring and using information is supported by substantial evidence, including Dr. Seligman's testimony, Tijerina's statements that A.V. was doing well in school and had normal speech and language development, and medical records demonstrating that A.V. had normal hearing, speech, and language scores on her examinations. The ALJ's determination that A.V.'s limitations were not marked in the domain of attending and completing tasks was also supported by substantial evidence, including the opinion of Dr. Seligman, treatment notes demonstrating that A.V. had no significant cognitive difficulties, Tijerina's testimony that A.V. had normal cognition, and the absence of evidence that A.V. was easily distracted or had problems completing tasks. We reject Tijerina's argument that the ALJ

4

misunderstood the impact of A.V.'s central auditory processing disorder (CAPD) in determining A.V.'s limitations.  Although A.V.'s score in her CAPD testing was in the first percentile, the Commissioner "will not rely on any test score alone" in assessing functionality, and the regulations specify that "[n]o single piece of information taken in isolation can establish whether [the claimant has] a 'marked' or an 'extreme' limitation in a domain."  20 C.F.R. § 416.926a(e)(4)(i).

**AFFIRMED.**